IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GUS MIJALIS and                              )
STACY MIAJLIS,                               )
                                             )
                            Plaintiffs,      )
                                             )
vs.                                          )        Case No. 11-cv-0787-MJR-DGW
                                             )
TAKEDA PHARMACEUTICALS                       )
AMERICA, INC.,                               )
TAKEDA PHARMACEUTICALS                       )
NORTH AMERICA, INC.,                         )
TAKEDA PHARMACEUTICAL                        )
COMPANY LIMITED,                             )
And ELI LILLY AND COMPANY,                   )
                                             )
                            Defendants.      )

ORDER ON THRESHOLD JURISDICTIONAL REVIEW

REAGAN, District Judge:

On August 30, 2011, Gus and Stacy Mijalis filed suit in this District Court naming four Defendants and invoking subject matter jurisdiction under the federal diversity statute, 28 U.S.C. 1332.  The lawsuit was randomly assigned to the Honorable William D. Stiehl, who recused from the case on October 27, 2011.   The case has been reassigned to the undersigned Judge, whose first task is to verify that subject matter jurisdiction lies.

28 U.S.C. 1332 requires complete diversity among the parties and an amount in controversy exceeding $75,000, exclusive of interest and costs. The complaint alleges serious personal injuries resulting from ingestion of an "unreasonably dangerous and defective" prescription drug (Actos) and sufficiently pleads the amount in

controversy.   But the complaint leaves questions as to the citizenship of two of the parties.

First, nothing is disclosed as to the citizenship of Plaintiff <u>Stacy Mijalis</u>. Paragraphs 5 and 6 speak only of Gus Mijalis and use the term "Plaintiff" in the singular (as do the introductory paragraph of the complaint and the "Summary of the Case").  Of course, it is likely that Stacy Mijalis (Gus's wife) is an Illinois citizen, since page 21 of the complaint makes fleeting reference to her "cohabitating" with Gus.  But the Court cannot assume jurisdictional facts; they must be pled completely and with certainty.

Second, the complaint states that Defendant "<u>Takeda Limited</u> is a foreign corporation" with its principal place of business in Japan (Doc. 2, ¶ 17).  It is likely that Takeda Limited is a "citizen of subject of a foreign state" (i.e., Japan) for diversity purposes, satisfying 1332(a)(3).  But the complaint does not disclose enough for the Court to verify that at this point.  The Seventh Circuit recently reiterated that "it can be difficult to decide whether a business bearing the suffix 'Ltd.' is a corporation for the purpose of § 1332 or is more like a limited partnership, limited liability company, or business trust." ***White Pearl Inversiones S.A. v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011)(if even one investor in an LP or LLC has the same citizenship as any opposing party, diversity is lacking; thus court needed to ascertain whether foreign entity was equivalent to a corporation or a joint-stock company and, if the latter, know the citizenship of each of the equity investors).**

Plaintiff sought this federal forum by filing suit here, so Plaintiffs' counsel shall file a Jurisdictional Memorandum plainly identifying/confirming all aspects of

diversity citizenship as to each of the two Plaintiffs and the four Defendants no later than <u>November 30, 2011</u>.

       IT IS SO ORDERED.

       DATED October 31, 2011.

s/ ***Michael J. Reagan***

Michael J. Reagan
United States District Judge
